FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULA WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.2:17-CV-00287-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF Nos. 16, 17.  Attorney Christopher H. Dellert represents Paula White (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on

April 26, 2013, Tr. 84, alleging disability since February 1, 2012, Tr. 201, due to bipolar disorder, manic depression, post-traumatic stress disorder (PTSD), and anxiety, Tr. 253.[1]  The application was denied initially and upon reconsideration.  Tr. 106-10, 112-17.  Administrative Law Judge (ALJ) Donna L. Walker held a hearing on May 11, 2016 and heard testimony from Plaintiff, medical expert, John R. Morse, M.D., psychological expert, Margaret R. Moore, Ph.D., and vocational expert, Polly A. Peterson.  Tr. 42-73.  The ALJ issued an unfavorable decision on May 31, 2016.  Tr. 25-35.  The Appeals Council denied review on June 13, 2017.  Tr. 1-6.  The ALJ's May 31, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on August 17, 2017.  ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 47 years old at the date of application.  Tr. 201.  Her highest level of education was one year of college completed in 1993.  Tr. 254.  Her reported work history includes the jobs of flagger, healthcare worker, line worker, sander, temp worker, and bell ringer.  Tr. 254, 265.  Plaintiff was working at the time of her application, but reported making changes in her work activity due to

---

[1]The record also contains an application for Disability Insurance Benefits (DIB).  Tr. 199-200.  The record does not contain a determination on this application.  However, the ALJ's decision clearly addresses only the SSI claim.  Therefore, this Court only has jurisdiction over the SSI claim.  If there is a pending DIB claim that has not been adjudicated, that will be addressed by the ALJ upon remand.

her conditions on February 1, 2012.  Tr. 253.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once the claimant establishes that physical or mental impairments prevent her from

engaging in her previous occupations.  20 C.F.R. § 416.920(a)(4).  If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 31, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity for the months of January, February, and March of 2014.  Tr. 27. However, the ALJ also found that there had been a continuous twelve month period during which Plaintiff had not engaged in substantial gainful activity, and she continued her five-step sequential evaluation.  *Id*.

At step two, the ALJ determined Plaintiff had the following severe impairments:  mood disorder, not otherwise specified; PTSD; personality disorder with cluster B traits; and obesity.  Tr. 27.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 28.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> the ability to lift and/or carry up to 20 pounds occasionally (1/3 of the workday); 10 pounds frequently (2/3 of the workday); sit up to 6 hours; stand and/or walk up to 6 hours; unlimited ability to reach in all directions, including overhead; unlimited manipulative abilities; unlimited postural abilities, but should never climb ladders, ropes or

scaffolds; unlimited environmental abilities, but should avoid hazardous machinery and heights.

Regarding understanding and memory, the claimant has the ability to remember locations and work-like procedures; understand and remember short and simple instructions. Regarding concentration and persistence, has the ability to carry out short and simple instructions; maintain attention and concentration for periods required between legally required breaks; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; make simple work related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods.

Regarding social interaction, she has the ability to ask simple questions or request assistance; perform duties in the workplace without exhibiting behavioral extremes; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; would perform best with superficial contact with the general public; and would work best in proximity to but not close cooperation with supervisors and co-workers.

Regarding adaptation, the claimant has the ability to be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; set realistic goals or make plans independently of others; and would work best in a work setting where goals are clearly established and the routine is predictable.

Tr. 29-30. The ALJ identified Plaintiff's past relevant work as a newspaper collator and concluded that Plaintiff was able to perform this past relevant work. Tr. 34.

As an alternative to finding Plaintiff ineligible at step four, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the

national economy Plaintiff could perform, including the jobs of silver wrapper, photocopy machine operator, and toy assembler. Tr. 34-35. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 26, 2013, through the date of the ALJ's decision. Tr. 35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions and (2) failing to properly address Plaintiff's symptom statements.

## DISCUSSION

### 1.  Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Kayleen Islam-Zwart, Ph.D., Margaret Moore, Ph.D., Marianne Tur-Navarro, NP-C, and Diana Carlin, MSW. ECF No. 16 at 3-13.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required

to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### A. Kayleen Islam-Zwart, Ph.D.

On February 23, 2016, Dr. Islam-Zwart completed an evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 614-21. Following the evaluation, Dr. Islam-Zwart completed a Psychological/Psychiatric Evaluation form in which she opined that Plaintiff had a marked[2] limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to adapt to changes in a routine work setting, to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, and to complete a normal work day and work week without interruptions from psychologically based

---

[2]A marked limitation is defined as "significant limits on the ability to perform one or more basic work activity." Tr. 615.

symptoms.  Tr. 616.  Additionally, she opined that Plaintiff had a moderate[3] limitation in the abilities to understand, remember, and persist in tasks by following very short and simple instructions, to learn new tasks, to make simple work-related decisions, to ask simple questions or request assistance, and to set realistic goals and plan independently.  *Id.*  The ALJ found the opinion "not persuasive" and credited the opinion of Dr. Moore over that of Dr. Islam-Zwart:

> Although Dr. Moore, the medical expert at hearing, did not have the opportunity to review [Dr. Islam-Zwart's opinion], the findings in that report do not impact the outcome here.  The information set forth in the report is essentially the same information contained in the historical record that Dr. Moore relied on to form her opinions.  In addition, the evaluation was done for the receipt of benefits from the State of Washington, DSHS.  Although the report was reviewed and considered by the undersigned, it is not persuasive that the claimant is incapable of performance of work by federal standards.

Tr. 33.

The parties disagree as to whether the clear and convincing or the specific and legitimate standard applies to the treatment of Dr. Islam-Zwart's opinion.  ECF Nos. 16 at 6, 17 at 12.  The distinction in this case is immaterial as the ALJ's reasons are either not supported by substantial evidence or fail to meet even the lessor standard of specific and legitimate.

The ALJ's first reason, that Dr. Moore and Dr. Islam-Zwart relied on "essentially the same information" to form their opinions, is not supported by substantial evidence.  Dr. Moore testified at the hearing that she had reviewed the file through exhibit 12F, had not discussed the case with anyone, and had never evaluated Plaintiff.  Tr. 54.  In contrast, Dr. Islam-Zwart evaluated Plaintiff and

---

[3]A moderate limitation is defined as "significant limits on the ability to perform one or more basic work activity."

conducted a Mini-Mental Status Exam, the Trail Making Test, and the Fifteen Item Memory Test.  Tr. 618-21.  Considering the Ninth Circuit has clearly established a preference for opinions of examining psychologists over opinions from nonexamining psychologists, *Lester*, 81 F.3d at 830, the ALJ's finding that the two opinions were based on a review of "essentially the same information" is unsupportable.  An evaluation and psychological testing is not equivalent to a review of the record.  *See* 20 C.F.R. § 416.927(b)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

The ALJ's second reason, that the evaluation was conducted for the receipt of DSHS benefits, is not a specific and legitimate reason.  The regulations require every medical opinion to be evaluated, regardless of its source.  20 C.F.R. § 416.927(c).  Furthermore, the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them.  *Lester*, 81 F.3d at 832.  Dr. Islam-Zwart's opinion was prepared for the purpose of evaluating eligibility for DSHS benefits, and the regulations regarding eligibility differ between DSHS and the Social Security Administration.  While the ALJ is not required to adopt the ultimate determination of disability or nondisability reached by DSHS, she must consider the underlying medical evidence, including medical opinions, that are the basis for such a determination.  *See* 20 C.F.R. § 416.904 (2016) ("a determination made by another agency that you are disabled or blind is not binding on us."); S.S.R. 96-5p ("our rules provide that adjudicators must always carefully consider medical source opinions about any issue.").[4]  Thus, this reason for rejecting Dr.

---

[4]On March 27, 2017, S.S.R. 96-5p was rescinded and 20 C.F.R. § 416.904 was amended to include "we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim."

Islam-Zwart's opinions fails to meet the specific and legitimate standard.

Defendant alleges that the ALJ was not required to consider Dr. Islam-Zwart's opinion because it was regarding an issue reserved for the Commissioner. ECF No. 17 at 13. This was not a reason provided by the ALJ in her explanation for finding the opinion "not persuasive." *See* Tr. 33. As such, Defendant's assertion is a *post hoc* rationalization, which will not be considered by this Court. *See Orn*, 495 F.3d at 630 (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Considering the ALJ failed to properly address the Dr. Islam-Zwart's opinion, the case is remanded to the ALJ for additional proceedings.

### B.    Margaret Moore, Ph.D.

Dr. Moore testified at Plaintiff's hearing opining that Plaintiff did not meet a listing at step three. Tr. 56-60. She did not provide a mental residual functional capacity determination. Additionally, she did not review the evaluation or opinion from Dr. Islam-Zwart or the evaluation from Cynthia Jones, ARNP. Tr. 54 (stating she had only reviewed through exhibit 12F and the above reference records were in exhibit 13F). In light of the remand for the ALJ to further address the opinion of Dr. Islam-Zwart, she will also address the opinion of Dr. Moore on remand.

### C.    Marianne Tur-Navarro, NP-C, and Diana Carlin, MSW

Plaintiff additionally challenges the ALJ's rejection of the opinions of Nurse Tur-Navarro and Ms. Carlin. ECF No. 16 at 10-13.

Opinions from nurse practitioners and therapists are not considered medical opinions because they are not considered "acceptable medical sources." 20 C.F.R. §§ 416.902(a); 416.927(a)(1). However, the ALJ is required to consider these opinions, 20 C.F.R. § 416.927(f)(1), and the ALJ can only reject these opinions by providing reasons germane to each witness for doing so. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

This case is being remanded for the ALJ to properly address the opinions of acceptable medical sources. Therefore, upon remand the ALJ will also readdress the opinions of these non-acceptable medical sources.

**2.  Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that her symptoms statements were not entirely consistent with the medical evidence and other evidence in the record. ECF No. 16 at 13-17.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See*

*Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ properly address the medical source opinions in the record and Plaintiff's symptom statements. Additionally, the ALJ will supplement the record with any outstanding medical evidence and call a new psychological expert to testify at remand proceedings and elicited testimony as to whether or not Plaintiff meets or equals a listing. If the expert testifies that Plaintiff does not meet or equal a listing, the ALJ will take testimony regarding Plaintiff's mental residual functional capacity.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.     Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED May 8, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE